UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 08-132 |
| | : | |
| LATOYA MASON, | : | |
| | : | |
| Defendant. | : | |

FILED
JUN 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America, and the defendant, Latoya Mason (hereinafter "the defendant" or "Ms. Mason"), stipulate and agree that the following facts are true and accurate:

The United States Department of Housing and Urban Development ("HUD") funds a public housing assistance program administered through the District of Columbia Housing Authority ("DCHA"), a District of Columbia agency, which enables low-income families, the elderly and disabled who meet specific criteria to reside in government-owned public housing facilities free of charge or at a reduced rent. Public housing assistance program applicants must complete and submit an application to DCHA in which applicants disclose their household composition, income, net family assets, and allowances and deductions. As part of the application, applicants sign a form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law. Based upon the information submitted in an application, including reported income and household composition, authorities from DCHA determine whether an applicant is eligible to reside in public housing and whether DCHA will

partially or fully fund an applicant's rent.

Once an individual is selected to participate in the public housing assistance program, he or she is required to sign a Lease Agreement for Public Housing Dwelling Units (hereinafter "Dwelling Lease Agreement"). The Dwelling Lease Agreement, which is a month-to-month contract that is automatically renewed at the end of each month, has a provision that requires the tenant to notify DCHA "IMMEDIATELY IN WRITING IF ANY CHANGES OCCUR IN THE INCOME, EMPLOYMENT OF COMPOSITION OF HIS/HER FAMILY" so that the tenant's rent may be adjusted by the first day of the second month following the occurrence that necessitated the change. Public housing tenants are also required to annually re-certify their eligibility to participate in the program by completing an annual recertification form and providing documents verifying their household composition, income, net family assets, and allowances and deductions. Tenants are required to sign the recertification form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law.

At all times relevant to this matter, the defendant was a participant in the public housing assistance program administered through DCHA, and resided at 618 Park Morton Street, N.W., Apartment 32, Washington, D.C., within a public housing project known as Park Morton. Ms. Mason signed her Dwelling Lease Agreement on March 14, 2002, and submitted annual recertifications on November 26, 2002, August 28, 2003, November 22, 2004, and November 25, 2005. On the date Ms. Mason signed her Dwelling Lease Agreement, she worked part-time for the Children's National Medial Center (CNMC) earning $6,861.15 in 2002, $9,581.92 in 2003, $5,215.16 in 2004, $6,044.60 in 2005, and $4,035.67 as of June 8, 2006. She properly reported

this income to DCHA on her initial application for public housing, and on all annual recertifications.

On the date Ms. Mason signed her Dwelling Lease Agreement, March 14, 2002, up to October 8, 2002, Ms. Mason was also employed part-time by First Virginia Bank. She earned $4,051.30 in the first quarter of 2002, $4,498.14 in the second quarter, $5,247.83 in the third quarter, and $880.89 in the fourth quarter up to the termination of her employment at First Virginia Bank on October 8, 2002. None of this income was reported by Ms. Mason on her initial DCHA application, or at any time after the Dwelling Lease Agreement was signed, as required by the terms of the Agreement.

On June 1, 2003, the defendant also began working as a nursing assistant at the Veteran Affairs Medical Center (VAMC). She earned $17,141.65 in 2003, $30,979.57 in 2004, $36,474.63 in 2005, and $36,475 in 2006. At no time after beginning her employment with VAMC did Ms. Mason inform DCHA of her increased income as required by the Dwelling Lease Agreement so that her rent could be adjusted. Further, on August 28, 2003, November 22, 2004, and November 25, 2005, Ms. Mason knowingly and intentionally submitted false Applications for Continued Occupancy with her annual recertification forms by falsely claiming on each of the recertification forms that her sole source of income was from her part-time employment at the Children's National Medical Center making between $9.22 - $10.82 an hour. As a result of this fraudulent scheme, DCHA partially funded the defendant's rent in an amount greater than she was eligible to receive, and she converted the money for her own use. Had the defendant reported her true income, DCHA would have reduced the amount of public assistance to which she was entitled to receive.

On September 26, 2006, Special Agent Jeffrey Lowery of HUD, Office of Inspector General, interviewed Ms. Mason. Ms. Mason admitted that she did not report all of her income to DCHA because she was in school at the time and that she intended to report all her income once she had completed her schooling.

Through her scheme, Latoya Mason has caused the loss of $20,889 to DCHA.

_____    _____
JEAN W. SEXTON                                              LATOYA MASON
Assistant United States Attorney                       Defendant

_____
MICHELLE PETERSON
Attorney for Defendant